UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD PRATER,

        Plaintiff,

   v.                                       CAUSE NO. 3:25cv461 DRL

GOOGLE *et al.*,

        Defendants.

ORDER

On May 27, 2025, Donald Prater filed a *pro se* complaint but did not pay the filing fee or move for leave to proceed *in forma pauperis*. If he wants to continue this lawsuit, he must resolve his filing fee status either by paying the filing fee or by filing an *in forma pauperis* motion. That said, his complaint doesn't meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Mr. Prater's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Mr. Prater's complaint does not comply with the Federal Rules of Civil Procedure.

Mr. Prater has named twelve defendants [1 at 1-2]. He says Google, Cash App, PayPal, Samsung, Robin Hood, and Coin Base shared his information with other companies [*id.* at 3]. He says this caused him financial and health problems, though he doesn't elaborate [*id.*]. He says Wells Fargo was supposed to be his broker for distributing his money to bitcoin and Robin Hood [*id.*]. He charges "crypto currency" with taking all his money [*id.* at 5]. And he complains that the Federal Bureau of Investigation, Kosciusko County Sherriff's Department,

the Indiana State Police, and IC3 haven't responded to his complaints of identity theft and have failed to investigate them [*id.* at 4-5]. He says these failures to investigate infringe on his civil rights, though he doesn't say how [*id.* at 4].

The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal Rule of Civil Procedure 8 "requires a short and plain statement of the jurisdictional basis, which, however must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006) (quotations and citation omitted).

Mr. Prater doesn't state how the court has jurisdiction over his alleged claims, and the court is unable to discern it from his complaint. He doesn't cite federal privacy laws or describe the personal information he says some of the defendants shared, so the court can't discern what federal protections he might be invoking or whether they provide a cause of action. He doesn't provide addresses (much less citizenships) for any defendant, so the court can't discern whether the parties are fully diverse. Moreover, he says the FBI office he complains of, the Kosciusko County Sheriff Department, the Indiana State Police, and IC3 are all based in Indiana, suggesting there is no diversity jurisdiction over claims against them anyway.

The court must next determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson*, 551 U.S. at 94, it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The court will not grant the *in forma pauperis* motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is unclear what information any corporate defendant shared, how Mr. Prater was harmed as a result, or on what basis he has a claim. He hasn't provided enough details for the court to identify one, much less whether he has adequately stated a claim. What's more, he doesn't allege Wells Fargo took any action adverse to him (only that the bank was supposed to be his broker) and he appears to name cryptocurrency as a defendant despite it being a digital currency and not a person or entity. Finally, Mr. Prater has no recourse if a federal or state government chooses not to investigate wrongdoing—the court cannot police this activity, and he can't pursue damages.

Given that he proceeds *pro se*, the court will afford Mr. Prater a chance to resolve his filing fee status and amend his complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). He must establish that his case falls within the limited jurisdiction of this court

3

and provide as many facts as to what has transpired, such as the harm, who caused the harm, how they caused the harm, when they caused the harm, and the like. There must be sufficient facts pleaded to allow the court and the defendant to understand there is a plausible claim. He may wish to use the court's pleading form available online to assist.

Accordingly, the court AFFORDS Mr. Prater leave to amend his complaint to become compliant with the federal rules and pay the filing fee or file a motion to proceed *in forma pauperis* by June 30, 2025, and CAUTIONS him that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of his case without further notice because his current complaint doesn't state a basis for jurisdiction or articulate a claim.

SO ORDERED.

May 29, 2025                                        *s/ Damon R. Leichty*
                                                    Judge, United States District Court